**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

JIBRAIL MALIK MUHAMMAD, SR.,        *
                                    *
    Plaintiff,                      *
                                    *
vs.                                 *  CIVIL ACTION NO. 26-00055-JB-B
                                    *
TYRONE HATCHER,                     *
                                    *
    Defendant.                      *

<u>ORDER</u>

This action is before the Court on review.[1]  Plaintiff Jibrail Malik Muhammad, Sr. a/k/a Julius J. Martin, Jr. ("Muhammad"), who is proceeding without an attorney, commenced this civil action by filing a complaint and a motion to proceed without prepayment of fees.  (Docs. 1, 2).  Upon consideration, Muhammad's motion to proceed without prepayment of fees (Doc. 2) is **GRANTED**.  However, after conducting a preliminary review of Muhammad's complaint, the Court finds it to be an impermissible shotgun pleading that fails to provide adequate notice of Muhammad's claims and the underlying factual basis for his claims.  It is therefore necessary for Muhammad to correct these deficiencies in an amended complaint.

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

## I.   COMPLAINT

Muhammad is suing Tyrone Hatcher, the owner of a neighboring property, for alleged "acts of retaliation, racketeering, and civil rights violations." (See Doc. 1, generally). As best the Court can discern, Muhammad's issues with Defendant Hatcher stem from disputes over property boundaries, altercations he has had with Hatcher's tenants, and allegations of trespassing and leaking gas meters originating from Hatcher's property. However, Muhammad contends that Defendant Hatcher is part of a much broader "retaliatory enterprise" involving "approximately 150 related parties" that has "targeted" him since his childhood "through coordinated acts involving employment, property, and judicial obstruction."[2] (See id.).

Muhammad asserts the following causes of action against Defendant Hatcher: "Racketeering and Enterprise Coordination" (count one); "Retaliation" in violation of the Fair Housing Act, 42 U.S.C. § 3617 (count two); and "Disability Discrimination" in violation of the Fair Housing Act, 42 U.S.C. § 3604(f) (count three). (Id. at 5-35). Muhammad seeks declaratory relief,

---

[2] The "related parties" allegedly "acting in concert with" Defendant Hatcher and functioning "as a continuing unit with a shared purpose" include, but are not limited to, Dollar General Corporation, the Selma City School Board, the Alabama Department of Finance Board of Adjustment, the Alabama Education Association, Bryce Hospital, the Alabama Department of Mental Health, Concordia College, the Social Security Administration, and the Alabama Disability Determination Services. (See Doc. 1).

2

injunctive relief, various forms of damages, costs and fees, and additional relief that includes "Court-supervised clarification regarding the identity and location of the remains believed to belong to his deceased brother." (Id. at 25-27, 31, 35). Muhammad attaches to his complaint a fifty-seven-page "Procedural Background," a seven-page exposition of Defendant Hatcher's "Financial Capacity," a fifty-eight-page "Certificate of Interested Persons and Corporate Disclosure Statement," and a 257-page "Appendix." (Docs. 1-1, 1-2, 1-3, 1-4).

## II.   LEGAL STANDARDS

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) of the Federal Rules of Civil Procedure mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,"

3

and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b). "These rules work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . .'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four general types or categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which

4

of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Courts must liberally construe *pro se* pleadings such as Muhammad's and hold them to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, this does not give a court license to act as counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Even a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. **DISCUSSION**

Far from being the "short and plain statement" required by Rule 8(a)(2), Muhammad's complaint is an egregious shotgun pleading that violates federal pleading standards and fails to provide adequate notice of his claims and the underlying factual basis for each claim. Moreover, although the Court does not address the merits of Muhammad's claims at this juncture, the undersigned observes that the complaint is replete with facially frivolous allegations. Indeed, the complaint's underlying premise

of Defendant Hatcher's involvement in coordinated "enterprise of retaliation and obstruction" against Muhammad that dates back to Muhammad's childhood and involves an unimaginably broad "network of political and institutional figures" is patently ludicrous.

Count one of Muhammad's complaint is a prime example of the second type of shotgun pleading, as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Not for the first time,[3] Muhammad complains of disparate and unrelated events that occurred at various periods throughout his lifetime (including his childhood) and claims that these unfortunate events somehow provide evidence of a broader "enterprise" against him and form the basis for a civil RICO claim. For example, Muhammad dedicates multiple pages of count one to allegations concerning his brother's suspicious death in 1965, a violent assault on his mother that took place when he was approximately three years old, and his mother's involuntary confinement at a psychiatric hospital in 1970. Although Muhammad seems to believe otherwise, these remote events have no plausible connection to his current claims against Defendant Hatcher and should not be included in his complaint.

---

[3] See Muhammad v. Dolgencorp, LLC, Case No. 2:23-cv-00281-TFM-B (S.D. Ala.), ECF No. 4.

Relatedly, Muhammad makes numerous references in the body of the complaint to voluminous attachments to the complaint, and he recites a litany of alleged misconduct dating back to his childhood in those attachments.  Muhammad fails, however, to make clear which portions of the referenced attachments are actually intended to form part of the factual basis for his claims in this case.[4] Muhammad's habit of repeatedly making generalized and conclusory assertions in the body of the complaint while seemingly relying on his voluminous attachments to support the complaint's barebones allegations violates the directive that each allegation in a complaint "must be simple, concise, and direct."  See Fed. R. Civ. P. 8(d)(1).[5]

Count two asserts a nebulous claim under 42 U.S.C. § 3617, the anti-retaliation provision of the Fair Housing Act.  Muhammad alleges that he "engaged in protected civil-rights activity,

---

[4] A review of the attachments to the complaint reveals that most of the information and allegations contained therein have no plausible connection to Muhammad's claims against Defendant Hatcher.

[5] The following is an example of Muhammad's habit of improperly pleading by reference to exhibits: "Hatcher and associates conducted the enterprise's affairs through repeated acts of retaliation (Please See CIP entries 72, 59, 40, 42, 56, 34), obstruction, and fraud (See Appendix pages 11-14, 16, 19-21, 30, 40-42, 53-55, 86-89, 93-101, 114-115, 121-126, 160-163, 164-167, 172-211) including property boundary interference, suppression of grievance procedures (See CIP entry 54) obstruction of disability claims, and coerced loan repayment (See Appendix pages 2, 11, 82-83, 131, 227-228)."  (Doc. 1 at 15).

including filing federal lawsuits, administrative grievances, and formal complaints involving discrimination, retaliation, and obstruction by the Selma City Schools System, Dollar General Corporation et al, and associated institutional actors" and "also asserted his rights to safe housing, environmental protection, and property integrity at 862-A Mabins Court, including repeated requests for removal or relocation of hazardous utility infrastructure and documentation of property interference." (Doc. 1 at 29-30). Muhammad claims that after learning of his "protected activity, Defendant Hatcher engaged in retaliatory conduct including, but not limited to: refusing to remove or relocate hazardous gas and utility meters attached to Muhammad's residence; permitting or tolerating repeated property-line interference, marker removal, and trespass; allowing tenants and associates to threaten Muhammad, curse at him, or attempt to provoke confrontation, enabling or ignoring repeated acts of obstruction and harassment tied to Muhammad's litigation activity." (Id. at 30).

Count two is a shotgun pleading because it indiscriminately lumps together factual allegations vaguely alleging several examples of purported protected activity and several discrete retaliatory adverse actions arising from those activities over an unspecified period of time. The complaint makes no attempt to connect any specific instance of retaliatory conduct by Defendant

Hatcher to any particular instance of purported protected activity by Muhammad.   Muhammad's apparent attempt to assert multiple discrete instances of alleged retaliation in a single count is impermissible because it makes it impossible to determine what actions and consequences he alleges are causally connected.[6]  See Long v. City of Orlando, 2021 U.S. Dist. LEXIS 103268, at *6-7, 2021 WL 2226606, at *3 (M.D. Fla. June 2, 2021) (granting motion to dismiss claims on shotgun pleading grounds where plaintiff attempted "to assert multiple discrete instances of alleged retaliation in a single count, which makes it nearly impossible to determine what actions and consequences she alleges are causally connected," and noting that plaintiff "was not permitted by the Federal Rules to simply throw all the facts at the wall and see what would stick").

Count three is also a shotgun pleading because it appears to lump several discrete theories of liability and alleged acts of discrimination into a single count.  In count three, Muhammad appears to allege several distinct violations of the Fair Housing Act, including disability discrimination by making housing unavailable in violation of 42 U.S.C. § 3604(f)(1); disability discrimination in the terms and conditions of housing in violation

---

[6] The Court notes that count two is devoid of facts – as opposed to conclusions – which plausibly suggest the existence of a causal link between protected activity by Muhammad and retaliatory conduct by Hatcher.

of § 3604(f)(2); denial of reasonable accommodation in violation of § 3604(f)(3); and interference with the exercise of his rights in violation of § 3617. (See Doc. 1 at 32-35). Muhammad fails to make clear which factual allegations are intended to support each of these distinct claims, to the extent he is raising them in count three. Indeed, Muhammad alleges the purported "Discriminatory Conduct" by Defendant Hatcher in such a rambling and generalized fashion that the reader is left guessing as to both the legal theories underlying his disability discrimination claims and the underlying factual basis for his claims.

Where a plaintiff alleges "a host of claims based on discrete facts of discrimination in just one count," the Eleventh Circuit has "noted that the plaintiff failed to comply with Rules 8 and 10." Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (per curiam); see also McCoy v. Cypress Landing, LP, 2022 U.S. Dist. LEXIS 26957, at *5, 2022 WL 464151, at *2 (N.D. Ala. Feb. 15, 2022) (noting that "where discrimination claims are based on the repeated denial of a string of accommodation requests, each individual denial constitutes a discrete discriminatory action"). Likewise, "each theory of liability on which [a] discrimination claim is based constitutes a separate cause of action—and therefore must be pled in a separate count." Amaya v. Vilsack, 2024 U.S. Dist. LEXIS 53610, at *4, 2024 WL 1285162, at *2 (S.D. Fla. Mar. 26, 2024) (citation and internal quotation marks omitted); see

10

<u>Petricca v. Saxony Condo. Ass'n, Inc.</u>, 2024 U.S. Dist. LEXIS 68152, at *6, 2024 WL 3345516, at *3 (S.D. Fla. Apr. 15, 2024) (finding complaint was a shotgun pleading where plaintiff brought Fair Housing Act disability discrimination and reasonable accommodation claims in the same count and created confusion about whether he was proceeding under § 3604 or § 3617 with respect to that count), <u>report and recommendation adopted</u>, 2024 U.S. Dist. LEXIS 118970, 2024 WL 3338808 (S.D. Fla. July 8, 2024).  Because Muhammad appears to plead multiple theories of liability based on several vaguely alleged discriminatory actions in a single count, it is impossible to discern with reasonable clarity the legal or factual basis for his disability discrimination claim(s) in count three.

When presented with a deficient shotgun pleading such as Muhammad's complaint in this case, a district court should take the initiative to dismiss or strike the pleading and give the plaintiff an opportunity to replead his case.  <u>Weiland</u>, 792 F.3d at 1321 n.10.  When a plaintiff fails to make meaningful modifications to his shotgun complaint after being ordered to do so, the court may dismiss the case under the authority of either Federal Rule of Civil Procedure 41(b) or the court's inherent power to manage its docket.  <u>Id.</u>

Accordingly, Muhammad's complaint (Doc. 1) is **STRICKEN** as an impermissible shotgun pleading.  Muhammad is **GRANTED LEAVE** to file

11

an amended complaint on or before **April 27, 2026.**[7] Muhammad's amended complaint must plead his claims with enough specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure, and it must address and correct the deficiencies noted in this order.

In drafting his amended complaint, Muhammad must: (1) identify his pleading as an amended complaint; (2) expressly identify the basis or bases of this Court's subject matter jurisdiction; (3) state his allegations in sequentially numbered paragraphs that are brief and focused; (4) set forth specific, non-conclusory factual allegations that directly pertain to his causes of action, are not legal conclusions, and provide factual support for the required elements of his claims; (5) clearly

---

[7] Muhammad's amended complaint must comply with this Court's Local Rule governing the format of papers presented for filing, General Local Rule 5. Among other things, this rule requires that:

(1) Pleadings and other papers must be formatted for reproduction on 8-1/2" x 11" paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least 1" on all four sides. Page numbers may be placed in the margins, but no text or footnotes may appear there.

(2) All pleadings and other papers must use a plain, Roman style (or similar) font, although italics or boldface may be used for emphasis. Case names must be italicized or underlined. Font must be 12 point or larger, including footnotes.

S.D. Ala. GenLR 5(a).

identify each legal claim presented with a separate heading called a "Count"; (6) in the heading for each separate count, clearly identify the specific statutory provision or other legal basis under which the claim is brought; (7) within each count, identify - either expressly or by reference to specific relevant paragraphs in a general factual background section - which specific factual allegations and acts or omissions by Defendant Hatcher support the cause of action asserted in that count; (8) clearly explain in each count how the legal right implicated by that count was violated by Defendant Hatcher; and (9) clearly and concisely articulate the relief Muhammad is requesting against Defendant Hatcher.

All of Muhammad's factual allegations must be made clearly, concisely, and directly in the body of his complaint. Muhammad may attach exhibits to his amended complaint and refer to them as appropriate, but he may not rely on the attachments (such as the "Procedural Background," "Appendix," or "Certificate of Interested Persons") to convey the factual or legal basis for his claims, even if those attachments are referenced in the body of the complaint.

Muhammad must omit irrelevant material from his amended complaint and from any attachments to the amended complaint. This includes the vast amount of irrelevant material contained in the "Procedural Background," "Defendant's Financial Capacity,"

13

"Certificate of Interested Persons," and "Appendix." The amended complaint (and attachments) should not include any allegations relating to Muhammad's childhood or his remote family history, nor should they include allegations regarding administrative or court proceedings against individuals or entities who are not parties to this action.

Muhammad is reminded that a complaint in federal court must contain sufficient factual matter to state a facially plausible claim for relief. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Muhammad's amended complaint will completely replace his original complaint. Therefore, the amended complaint shall not reference or seek to incorporate by reference any portion of the

14

original complaint.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against his adversary when an amended complaint is filed).

Muhammad is hereby **cautioned** that if he does not file an amended complaint within the ordered time, or if he files an amended complaint that fails to comply with the pleading directives contained in this order, the undersigned will recommend that this action be dismissed with prejudice.  Muhammad is also informed that he must immediately notify the Court in writing of any change in his address, or the undersigned will recommend that this action be dismissed.

The undersigned notes that Muhammad has already been provided with a copy of this Court's Pro Se Litigant Handbook.  Muhammad is encouraged to review the Pro Se Litigant Handbook carefully and utilize it in drafting an amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

ORDERED this **30th** day of **March, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

15