**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JIBRAIL MALIK MUHAMMAD, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 2:26-00055-JB-B** |
| | ) |
| **TYRONE HATCHER,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This action is before the Court on *pro se* Plaintiff's Rule 72(a) objection to the Magistrate Judge's Order.  (Doc. 7). For the reasons set forth below, Plaintiff's objections are overruled and the Order (Doc. 3) is **AFFIRMED.**

Muhammad commenced this *pro se* action in February 2026. (Docs. 1, 2). In an order dated March 30, 2026, the Magistrate Judge granted Muhammad's motion to proceed without prepayment of fees and ordered Muhammad to file an amended complaint by April 27, 2026, to correct shotgun pleading defects in his initial complaint. (Doc. 3). On April 28, 2026, Muhammad filed a motion requesting leave to file out-of-time objections to the order dated March 30, 2026. (Doc. 4).  Attached to the motion were seventy-one pages of objections to the March 30, 2026 order and a sixty-page "Appendix." (Docs. 4-2, 4-3). Although the Magistrate Judge commented that the motion for additional time was "questionable," the same was granted and Muhammad's objections were permitted to be filed out of time. (Doc. 6).  Those objections are now ripe for consideration.

Pursuant to Federal Rule of Civil Procedure 72(a), when a magistrate judge issues a written order on a non-dispositive pretrial matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This Court has previously set forth the "clearly erroneous or contrary to law" as follows:

> The "clearly erroneous or contrary to law" standard of review is "extremely deferential." Dochniak v. Dominium Management Services, Inc., 240 F.R.D. 451, 452 (D. Minn. 2006); see also Graham v. Mukasey, 247 F.R.D. 205, 207 (D.D.C. 2008) (magistrate judge's ruling in discovery dispute "is entitled to great deference"). Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006) (citation and internal quotation marks omitted); see also Dees v. Hyundai Motor Mfg. Alabama, LLC, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (in reviewing magistrate judge's discovery order, "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge") (citation omitted); Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (clearly erroneous threshold is satisfied only if reviewing court "is left with the definite and firm conviction that a mistake has been committed") (citation omitted). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." S.E.C. v. Cobalt Multifamily Investors I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (citation and internal quotations omitted); see also Botta, 475 F. Supp.2d at 185 (similar).

Gaudet & Company, Inc. v. ACE Fire Underwriters Insurance Company, 2024 WL 171697, *1 (S.D. Ala. January 16, 2024)(quoting Pigott v. Sanibel Dev., LLC, 2008 WL 2937804 (S.D. Ala. July 23, 2008)). "[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." Pigott, at n.8 (quoting 12 Wright, Miller & Marcus, Federal Practice & Procedure Civ.2d § 3069).

2

Here, Muhammad has set forth a significant number of objections to the Magistrate Judge's Order. (Doc. 7). However, the Court has reviewed those objections and finds them to lack merit for purposes of showing the Order "was clearly erroneous or is contrary to law." Rather the Magistrate Judge clearly explained the deficiencies in Plaintiff's initial complaint with painstaking detail, including Muhammad's recitation of numerous events over decades of time without any causal connection, his effort to state numerous causes of action in one count, his failure to connect the specific acts described with any actual claims, etc. Moreover, the Magistrate Judge's Order provided Plaintiff with an opportunity to rectify the errors pointed out prior to recommending dismissal of the claim. Providing such an opportunity was neither clear error nor contrary to law. Despite Plaintiff's ability to fill pages with complaints, his objections, much like his initial complaint, appear to be nothing more than Muhhamad's disagreement with the Magistrate's recitation of the relevant procedural rules and authority on the proper drafting of a complaint coupled with nonsensical details which have no actual relevancy to the Magistrate Judge's clear and specific order. As a result, the Court overrules Plaintiff's objections. If Plaintiff desires to continue with his case, he is **DIRECTED** to file an amended complaint in compliance with the Magistrate Judge's order (Doc. 3) within thirty (30) days from the date of this Order. Failure to do so will result in dismissal for failure to comply with this Court's orders or otherwise pursue this litigation. *See* Rule 41.

    **DONE and ORDERED** this 24th day of June, 2026.

                                        /s/ JEFFREY U. BEAVERSTOCK
                                        CHIEF UNITED STATES DISTRICT JUDGE

3